Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 268-7080
spencer@spencersheehan.com

| United States District Court Southern District of New York | 1:20-cv-09108 |
|---|---|
| James Prater, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br><br>                    - against -<br><br>Arizona Beverages USA LLC,<br><br>                                   Defendant | Class Action Complaint |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Arizona Beverages USA LLC ("defendant") manufactures, distributes, markets, labels and sells iced tea and lemonade blends ("Arnold Palmers") purporting to be "Lite" – under its Arizona brand ("Product").

2.     The Product is available to consumers from retail and online stores of third-parties and is sold in bottles of various sizes including 20 OZ.

3.     The relevant front label statements include "Half & Half," "Iced Tea Lemonade" "Arnold Palmer" and "Lite."



4.      The terms "light" and "lite" in the context of food descriptions are used interchangeably.

5.      Though "lite" may connote a wide variety of meanings, surveys have shown that consumers believe the term means that the caloric level has been reduced significantly.

6. The FDA established nutrient content claims to prevent consumers being deceived by a product when the terms used to describe the food are not consistent with the message they convey.

7. "Lite" is a term which (1) is primarily a relative claim that compares one food to another food and (2) is often used to directly describe the food itself in a way in which an absolute term or claim is used, i.e., low in calories and/or sugar. 21 C.F.R. § 101.56.

8. The term "Lite" is misleading because it gives the impression consumption of the Product, when compared to other foods in its class, contributes substantially to the reduction of calories in the diet.

9. Relative claims are required to have certain additional information, including "the identity of the reference food and the percentage (or fraction) of the amount of the nutrient in the reference food by which the nutrient in the labeled food differs (e.g., "50 percent less fat than (reference food)" or "1/3 fewer calories than (reference food)')." 21 C.F.R. § 101.13(j)(2)(i).

10. Consumers will expect the Product to be lower in calories than it is.

11. According to the requirements for nutrient content claims, the Product is required to be reduced in calories by at least one-third when compared to an appropriate reference food.

12. A "lite" claim is required to indicate a reference food, defined as "representative of the type of food that includes the product that bears the claim…The nutrient value for the reference food shall be representative of a broad base of foods of that type; e.g., a value in a representative, valid data base." 21 C.F.R. § 101.13(j)(1)(ii)(A).

13. However, the Product has so many calories and grams of sugar per serving size that it would be difficult to fathom a reference food which would have one-third more calories per reference amount customarily consumed.

14. Far from being "Lite" and low in calories, a 12-ounce bottle has 130 calories, 10 less than a can (12 OZ) of Coca Cola.

15. In other words, a reference food likely does not exist for the Product because it contains an absolute, high number of calories per RACC.

16. In purchasing and consuming the Product, consumers are misled to believe it is lower in calories than similar items in the marketplace, when it is not.

17. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

18. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

19. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

20. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

21. As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $1.19 for 12 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if represented in a non-misleading way.

### Jurisdiction and Venue

22. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

23. Under CAFA, district courts have "original federal jurisdiction over class actions

involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

24. Plaintiff James Prater is a citizen of New York.

25. Defendant is a New York limited liability company with a principal place of business in Woodbury, New York and at least one member, upon information and belief, is a citizen of a state other than New York.

26. Minimal diversity exists because plaintiff seeks to represent citizens of New York, New Jersey, Maryland, Ohio and Pennsylvania who purchased the Product. *Gonzales v. Agway Energy Services, LLC*, No. 18-cv-235 (N.D.N.Y. Oct. 22, 2018) ("At this time, the allegation that some class member maintains diversity with Defendant is sufficient to establish minimal diversity under CAFA" and citing 28 U.S.C. § 1332(d)(1)(D) "'the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

27. The "local controversy" exception to diversity jurisdiction does not apply because less than two-thirds of the putative class members are citizens of New York.

28. The "home state controversy" exception to diversity jurisdiction does not apply because less than two-thirds of the members of all proposed plaintiff classes are citizens of New York.

29. Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs and damages exceed this amount.

30. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

31. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

32. Plaintiff James Prater is a citizen of Bronx, Bronx County, New York.

33. Defendant Arizona Beverages USA LLC is a New York limited liability company with a principal place of business in Woodbury, New York.

34. During the relevant statutes of limitations for all claims alleged, plaintiff purchased the Product within his district and/or State for personal and household use and/or consumption in reliance on the representations of the Product referenced herein.

35. Plaintiff James Prater purchased the Product on one or more occasions during the relevant period, at stores including but not necessarily limited to, Bravo Supermarket, 1869 Archer St, Bronx, NY 10460, in October 2020.

36. Plaintiff bought the Product because he wanted to consume a product that was lower in calories than similar products, so he relied on the "Lite" claim.

37. Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and consumption and expected it would be lower in calories than similar products and than it was separately, because of the term "Lite."

38. Plaintiff was deceived by and relied upon the Product's deceptive labeling.

39. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

40. The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

41. Plaintiff intend to, seek to, and will purchase the Product again when he can do so with the assurance that Product's labels are consistent with the Product's components.

Class Allegations

42. The class will consist of all purchasers of the Product who reside in New York, Ohio, New Jersey, Pennsylvania and Maryland during the applicable statutes of limitations.

43. Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

44. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

45. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

46. Plaintiff is an adequate representatives because his interests do not conflict with other members.

47. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

48. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

49. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

50. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350 and Consumer Protection
Laws of New Jersey, Ohio, Maryland, Pennsylvania
(Consumer Protection Statutes)

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product

type.

53. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

54. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product by giving consumers the impression it was lower in calories than it was, compared to similar representative foods.

55. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

56. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

59. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

60. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

61. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

62. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and<br>
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

64. Plaintiff incorporates by reference all preceding paragraphs.

65. The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not – lower in calories than similarly situated products.

66. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

67. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

68. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

69. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

70. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

71. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

72. Plaintiff incorporates by reference all preceding paragraphs.

73. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

74. Defendant's fraudulent intent is evinced by its failure to accurately describe the Product on the front label, when it knew its statements were neither true nor accurate and misled consumers.

75. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

76. Plaintiff incorporates by reference all preceding paragraphs.

77. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   October 29, 2020

                                                  Respectfully submitted,

                                                  Sheehan & Associates, P.C.
                                                  /s/Spencer Sheehan
                                                  Spencer Sheehan
                                                  60 Cuttermill Rd Ste 409
                                                  Great Neck NY 11021-3104
                                                  Tel: (516) 303-0552
                                                  Fax: (516) 234-7800
                                                  *spencer@spencersheehan.com*
                                                  E.D.N.Y. # SS-8533
                                                  S.D.N.Y. # SS-2056

1:20-cv-09108
United States District Court
Southern District of New York

James Prater, individually and on behalf of all others similarly situated,

                              Plaintiff,

    - against -

Arizona Beverages USA LLC,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: October 29, 2020

                                                                /s/ Spencer Sheehan
                                                                  Spencer Sheehan